UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES MITCHELL DeBARDELEBEN,

    Petitioner,

v.                                     3:05-cv-375
                                        3:83-cr-044

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION

This is the second petition for the writ of habeas corpus brought by petitioner James M. DeBardeleben ("DeBardeleben") pursuant to 28 U.S.C. § 2241. For the following reasons, the petition will be **DENIED** and this action will be **DISMISSED**.

DeBardeleben is challenging his 1983 federal convictions for passing counterfeit money (four counts), possession of counterfeit money (two counts), and carrying a firearm during the commission of a felony of passing counterfeit money. He previously filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was denied without an evidentiary hearing. *DeBardeleben v. United States*, Civil Action No. 3:97-cv-284 (E.D. Tenn. August 30, 2001) (order of dismissal), *motion for certificate of appealability denied*, No. 01-6418 (6th Cir. May 23, 2002).

DeBardeleben next filed a motion in the United States Court of Appeals for the Sixth Circuit for an order authorizing the district court to consider a second and successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. That motion was denied. *In re: James M. DeBardeleben*, No. 03-5082 (6th Cir. June 19, 2003). DeBardeleben then filed a petition pursuant to 28 U.S.C. § 2241, alleging that he had been denied a full and fair opportunity to litigate his claims in federal court. The court denied that petition and the Sixth Circuit Court of Appeals affirmed. *DeBardeleben v. United States*, Civil Action No. 3:03-cv-490 (E.D. Tenn. October 23, 2003) (order of dismissal), *aff'd*, No. 03-6673 (6th Cir. November 29, 2004) (mandate issued).

DeBardeleben has now filed a second petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. As the court noted in the first § 2241 petition, because DeBardeleben is challenging a federal conviction, his remedy is to file a motion pursuant to 28 U.S.C. § 2255. Also as noted, Congress has decreed that a district court cannot entertain a second or successive § 2255 motion without an order from the court of appeals. Absent exceptional circumstances, which are not present in this case, DeBardeleben cannot use 28 U.S.C. § 2241 to circumvent that requirement. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). Accordingly, this court lacks jurisdiction to consider his petition and the petition will be **DENIED**.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                                              s/ Thomas W. Phillips
                                                        United States District Judge